```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON


JEFFREY S. LEVESQUE

     Plaintiff

v.                                  Civil Action No.: 2:04-1215

UNITED AIRLINES, INC., a
Delaware Corporation, and
TRANS STATES AIRLINES, INC.,
a Missouri Corporation

     Defendants
```

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on defendants' motion for summary judgment, filed September 19, 2005.

I.

Plaintiff Jeffrey Levesque filed the complaint initiating this action in the Circuit Court of Kanawha County, West Virginia on October 13, 2004. Levesque alleges that he slipped and fell when exiting an aircraft maintained by defendants, resulting in "permanent and debilitating" injuries. (Compl. ¶¶ 12-13.) According to plaintiff, his fall was the result of placement of a defective handrail and a slippery

substance that had accumulated on the stairs of the aircraft. (Compl. ¶ 20.)

Defendants removed this action to this court on November 12, 2004, based on diversity of citizenship.  Plaintiff was a citizen of Fayette County, West Virginia at the time of the filing of the complaint.[1]  (Not. of Rem. ¶ 5.)  Defendant United Airlines, Inc. ("United") is a Delaware corporation with a principal place of business in Illinois, and defendant Trans States Airlines, Inc. ("TSA") is a Missouri corporation with a principal place of business in that state.  (Not. of Rem. ¶ 4.)

Plaintiff's claims arise from a trip that began on March 9, 2004, in Providence, Rhode Island, when he took a flight to Washington-Dulles International Airport, where he was to connect with a second flight that would return him to Charleston, West Virginia, after a nearly two-week stay in Providence.  (Def. Mem. ¶ 4.)  Plaintiff testified that he had made similar trips eight or nine times prior to that occasion, always under the classification of a "medical assist" passenger.  (Dep. Tr. of Pl. at 18, 26.)  He said that he climbed the stairs to board the

---

[1] It appears, however, that sometime in October 2004, plaintiff relocated to Woonsocket, Rhode Island.  (Def. Mot. at 2.)

plane in Providence on March 9th without assistance, but had airline employees carry his bag for him (Dep Tr. of Pl. at 33).

When the plane landed at Dulles, plaintiff remained seated on the aircraft while the other passengers disembarked, and waited to be notified that a wheelchair was available to take him to his connecting flight. (Dep. Tr. of Pl. at 34-35.) When the wheelchair arrived after some wait by plaintiff, he began deboarding the plane without being offered or asking for assistance with his bag. (Dep. Tr. of Pl. at 41-42.) Plaintiff testified, however, that he was wearing a label given to him by the airline which identified him as a "medical assist" passenger, and that the flight attendant assigned to the plane took inventory rather than assisting him. (Dep. Tr. of Pl. at 42.) It was this attendant who had notified him of the arrival of the wheelchair. (Dep. Tr. Of Pl. at 41.)

Integrated stairs had been unfolded from the body of the plane for the passengers to leave the aircraft. (Def. Mem. at ¶ 7, citing Dep. Tr. of Pl. at 38.) On the second stair from the bottom, plaintiff slipped and fell to the ground. He testified that his fall was precipitated by a wet substance on the stair, possibly slush, that left his pants wet. (Dep. Tr. of Pl. at 48.) Plaintiff further stated that, when falling, he

3

reached for the handrail, but that it had been replaced by a rope that would not support his weight.  (Dep. Tr. of Pl. at 43-44.)

Defendant states that the court should apply the substantive law of Virginia, the situs of plaintiff's alleged injury.  (Def. Mem. at 6.)  Plaintiff has not objected or otherwise suggested what the applicable law might be, but it is noted that he cites Virginia case law in support of his claim.  (See Pl. Mem. at 2.)

II.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those necessary to establish the elements of a party's cause of action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a

4

Case 2:04-cv-01215   Document 43   Filed 10/24/05   Page 5 of 10 PageID #: 423

verdict for the non-movant.  Id.  The moving party has the burden of showing -- "that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial.  Fed. R. Civ. P. 56(c); Id. at 322-23.  A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-moving party.  Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is not appropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party.  Anderson, 477 U.S. at 248.  Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute.  Overstreet v. Kentucky Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

In reviewing the evidence, a court must neither resolve disputed facts or weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility.  Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir.

1986).  Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979).  Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

### III.

Defendants argue that United is entitled to summary judgment "because it did not manufacture, control, operate or manage the aircraft" on which plaintiff was injured.  (Def. Mem. at 14.)  Defendants further aver that both United and TSA are entitled to summary judgment because the condition of the aircraft stairs was "open and obvious" and because plaintiff, who was designated a "medical assist" passenger, assumed the risk involved by descending the stairs without assistance.  (Def. Mem. at 6.)  Additionally, they claim that plaintiff's allegation that the stairway handrail was defective is not supported by the evidence (Def. Mem. at 9), and that an award of punitive damages is not supported by the facts (Def. Mem. at 12.)

Defendant United states that the aircraft on which plaintiff fell was operated by TSA under the terms of a "code share" agreement with United, and that there is "no dispute that United had no role in the manufacture, ownership, control, operation or management of the aircraft."  (Def. Mem. at 14, citing affidavit of United employee, legal assistant Thomas D. Campuzano at ¶¶ 4-5.)  Plaintiff has neither submitted contrary evidence nor responded to this portion of defendants' motion.  It appears that summary judgment is appropriate as to United.

Plaintiff likewise has offered no response to defendant's argument that punitive damages are not available. Defendant cites a case from the United States District Court for the Eastern District of Virginia which summarizes Virginia law on this point:

> Virginia law "imposes a heavy burden on a plaintiff seeking punitive damages." Cummings v. Fisher-Price, Inc., 857 F. Supp. 502, 505 (W.D.Va. 1994).  Indeed, in Virginia, the standard for establishing punitive damages is beyond even gross negligence.  Doe v. Isaacs, 265 Va. 531, 579 S.E.2d 174, 178 (Va. 2003) (complete neglect of others' safety amounted to gross negligence, which shocks fair-minded people, but was less than willful recklessness required for punitive damages); Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128, 413 S.E.2d 630, 8 Va. Law Rep. 1829 (Va. 1992). Instead, to sustain a claim for punitive damages in a personal injury case, the

7

> plaintiff must demonstrate "'negligence which is so willful or wanton as to evince a conscious disregard of the rights of others, [or] malicious conduct ....'"  Doe, 579 S.E.2d at 176 (quoting Booth v. Robertson, 236 Va. 269, 374 S.E.2d 1, 3, 5 Va. Law Rep. 867 (Va. 1988)).  The Supreme Court of Virginia has further defined "willful and wanton negligence" as "'action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another.'"  Id. (quoting Woods v. Mendez, 265 Va. 68, 574 S.E.2d 263, 268 (Va. 2003)).  The purpose of punitive damages is to "punish the wrongdoer if he has acted wantonly, oppressively, or with such malice as to evince a spirit of malice or criminal indifference to civil obligations.  Wilful or wanton conduct imports knowledge and consciousness from the act done." Giant of Virginia, Inc. v. Pigg, 207 Va. 679, 152 S.E.2d 271, 277 (Va. 1967).

Blakely v. Austin-Weston Ctr. for Cosmetic Surgery L.L.C., 348 F. Supp. 2d 673, 678 (E.D.Va. 2004)(punitive damages claim dismissed where physician conceded that he negligently failed to read label and injected patient with wrong substance, but facts did not warrant finding "conscious disregard of the risk"); see also Cummings v. Fisher-Price, Inc., 857 F. Supp. 502, 505 (W.D.Va. 1994)("The cases upholding punitive damages awards thus involve conduct approaching criminal negligence, or reckless indifference in the face of a known, grave danger.")  Plaintiff points to no facts in the record, and the court has located none, that show

such "reckless indifference" or malice.

With respect to the remainder of defendants' arguments, plaintiff responds that defendant has produced no evidence to show that the presence of a foreign substance on the steps of the aircraft was an "open and obvious" danger, that plaintiff was plainly identified as a medical assist passenger and the flight attendant should have aided plaintiff in his exit of the plane, and that plaintiff is the only witness with personal knowledge of the condition of the handrail at the time of his injury.  Each of these matters seems appropriate for jury determination. Plaintiff argues, for example, that he became aware of the wet substance on the stair only because his pants seat became wet upon falling, and the substance therefore was not obvious.  It also is not determinable what defendant's practice had been with regard to aiding medical assist passengers prior to plaintiff's injury, and what his expectations should have been with regard to assistance.  In addition, the condition of the handrail and the existence of the rope are in dispute.[2]  Summary judgment is

---

[2]   With regard to the handrail, defendants rely on the deposition testimony of Jeffrey Holmstedt, TSA Director of Maintenance, in which he stated, <u>inter alia</u>, that the handrails must be intact for the aircraft door to open and close properly (Tr. at 66), and that "there is no way [he] could see you could attach rope to the aircraft" (Tr. at 50).  Plaintiff offers his own testimony in dispute.

inappropriate on the matter of liability.

IV.

For the reasons stated herein, it is ORDERED that defendants' motion for summary judgment be, and it hereby is, granted as to those counts asserted against United Airlines, Inc., which is hereby ORDERED dismissed as a defendant in this action.  It is further ORDERED that the motion for summary judgment be, and it hereby is, granted as to Count II for punitive damages, and otherwise denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: October 24, 2005

_____
John T. Copenhaver, Jr.
United States District Judge